UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/20/21

Mohamed Farghaly,

                Plaintiff,

–v–

Potamkin Cadillac-Buick-Chevrolet-Geo, Ltd., et al.,

                Defendants.

18-cv-11106 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

Defendants moved the Court to bifurcate the jury trial on liability and Plaintiff's request for punitive damages. For the following reasons, Defendants' motion is DENIED.

## I. Background

Plaintiff Mohamed Farghaly filed this action against Defendants Potamkin Cadillac-Buick-Chevrolet-Geo, Ltd., Alan Potamkin, George Spalina, Michael Denielle, and John Johnson on November 28, 2018. Complaint, Dkt. No. 1. According to the complaint, Farghaly was an employee at Potamkin Cadillac, where he faced a hostile work environment and was eventually terminated on account of his age, race, national origin, and religion. *Id.* ¶¶ 15, 19–63. He alleges violations of several federal and state anti-discrimination laws, *id.* ¶¶ 66–144, and seeks compensatory damages, punitive damages, and attorneys' fees, *id.* at 23. The parties completed discovery by September 25, 2020. Dkt. No. 53. A jury trial is tentatively scheduled for February 28, 2022. Dkt. No. 86.

1

Defendants on January 6, 2021, filed a motion to bifurcate the trial on liability and Plaintiff's request for punitive damages.  Dkt. No. 69; Defs. Br., Dkt. No 70.  Plaintiff has not opposed the motion.

**II.     Legal Standard**

Under Rule 42 of the Federal Rules of Civil Procedure, a district court has the discretion to order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).  "[W]hether to bifurcate a trial into liability and damages phases is a matter within the sound discretion of the trial court." *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 15 (2d Cir. 1988).  "Courts have generally considered the following factors, among others, in determining whether bifurcation is appropriate: 'whether bifurcation is needed to avoid or minimize prejudice, whether it will produce economies in the trial of the matter, and whether bifurcation will lessen or eliminate the likelihood of juror confusion.'" *Mensler v. Wal-Mart Transp., LLC*, No. 13 CIV. 6901 (JCM), 2015 WL 7573236, at *2 (S.D.N.Y. Nov. 24, 2015) (quoting *Crown Cork & Seal Co. Master Ret. Tr. v. Credit Suisse First Bos. Corp.*, 288 F.R.D 335, 337 (S.D.N.Y. 2013)).

"Jurors are generally entitled to hear all of the evidence in one proceeding and deliberate as to all of the issues in the case at the same time." *Falzon v. Johnson*, No. 12-CV-674 (CLP), 2016 WL 11430072, at *2 (E.D.N.Y. Oct. 24, 2016).  Moreover, "the moving party bears the burden of establishing that separate trials will further convenience or avoid prejudice." *Ferrante v. Metro-North Commuter R.R.*, No. 06 Civ. 4447(PKL), 2007 WL 1793447, at *2 (S.D.N.Y. June 18, 2007).  Consequently, bifurcated trials are generally disfavored and "remain the exception rather than the rule." *Bowers v. Navistar Int'l Transp. Corp.*, No. 88 CIV 8857 (SS), 1993 WL 159965, at *1 (S.D.N.Y. May 10, 1993)

### III.   Analysis

The Court concludes that bifurcation is not appropriate.  First, "bifurcation would not save significant court resources" but instead could "prolong the trial" even as the Court faces "limited time and space to hold safe trials amid the COVID-19 pandemic."  *McLeod v. Llano*, No. 17-CV-6062 (ARR), 2021 WL 1669732, at *3 (E.D.N.Y. Apr. 28, 2021).

Second, bifurcation is unlikely to aid juror comprehension.  Indeed, juries "routinely" determine punitive damages alongside liability.  *McLeod*, 2021 WL 1669732, at *3; *Svege v. Mercedes-Benz Credit Corp.*, 329 F. Supp. 2d 283, 284 (D. Conn. 2004) ("Yet, the issues of liability and damages are routinely tried, even in cases of death or severe injury."); *e.g.*, *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1289 (2d Cir. 1990); *Getty Petroleum*, 862 F.2d at 15; *Lovejoy-Wilson v. Noco Motor Fuels, Inc.*, 242 F. Supp. 2d 236, 246 (W.D.N.Y. 2003).

Defendants argue that jurors may be confused by the "numerous liability questions" arising from four Defendants and by the "different standards for punitive damages under the federal and City law[s]" at issue.  Defs. Br. at 3–4.  But bifurcating punitive damages would not alleviate jurors' confusion about liability among multiple Defendants.  Nor would the determination of punitive damages require significantly more evidence for jurors to consider than would the questions of liability and damages.  Rather, the Court finds it likely that "evidence in this matter regarding liability and damages . . . overlaps" in several important respects.  *Mensler*, 2015 WL 7573236, at *4.  For example, as Defendants observe, Plaintiff's punitive-damages claims require "evidence regarding a defendant's state of mind," which will certainly overlap with the determination of Defendants' liability.  Defs. Br. at 5.

Third, any potential prejudice that may result from determining punitive damages alongside liability can be addressed "though an appropriate limiting instruction."  *McLeod*, 2021

WL 1669732, at *3; *see also Mensler*, 2015 WL 7573236, at *4; *Ferrante*, 2007 WL 1793447, at *3 ("To the extent such evidence is proffered, defendant may make appropriate objections or applications for limiting instructions.").

Last, Defendants argue that due process requires bifurcation to avoid "excessive punitive damages awards." Defs. Br. at 5 (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574 (1996)). But this due-process limit on punitive damages does not require bifurcation and may instead be enforced by the Court following any jury verdict. *See Gore*, 517 U.S. at 585–86; *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003) ("[C]ourts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered.").

## IV. Conclusion

For the foregoing reasons, the Court DENIES Defendants' motion to bifurcate. This resolves docket number 69. The final pretrial conference remains scheduled for January 17, 2022, at 1:00 p.m.

SO ORDERED.

Dated: September 20, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge